IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD J. TERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00584-NJR |
| | ) |
| VENICE POLICE DEPARTMENT, | ) |
| UNKNOWN PARTY, | ) |
| PUBLIC DEFENDER'S OFFICE | ) |
| OF MADISON COUNTY IL, and | ) |
| WILLIAM STARNES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Richard Terrell is currently incarcerated at the Vandalia Correctional Center in Vandalia, Illinois.  (Doc. 1 at 1.)  Proceeding *pro se*, Terrell has filed a civil rights action pursuant to 42 U.S.C. § 1983, naming William Starnes, the public defender assigned to represent him on the charge that led to his incarceration, as well as the Public Defender's Office of Madison County, an unknown officer with the Venice Police Department, and the Venice Police Department itself.  (*Id.* at 1.)  Terrell's case relates to a December 3, 2014 charge of criminal damage to property in Venice, Illinois.  (*Id.* at 5.)  After his arrest on that charge, Terrell was held at the Madison County Jail, and Starnes was appointed as his public defender.  (*Id.*)  Terrell later pled guilty to the property charge and was incarcerated at Vandalia.  (*Id.*)  While his narrative is brief, he seems to allege that the Unknown Party officer engaged in "negligent investigative procedures" related to his charge and that Starnes failed to interview witnesses or gather evidence for his defense, thereby "negligent[ly]" representing him.  (*Id.* at 5-6.)

This matter is now before the Court for a preliminary review of Terrell's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Here, Terrell's complaint fails to state a claim on which relief may be granted, and it must be dismissed.

The Court will begin with Terrell's claim against Starnes, his public defender (**Count 1**). Section 1983 does not authorize lawsuits against all persons; rather, § 1983 imposes liability only against persons who violate a party's rights while acting "under color of law." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). As relevant here, public defenders like Starnes do not act under color of law when they are "performing traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Instead, they act as "independent advocate[s]" who are "free from state control." *Id.* Because public defenders are free from state control when defending the indigent, they "cannot be sued under 42 U.S.C. § 1983." *See McDonald v. White*, 465 F. App'x 544, 548-49 (7th Cir. 2012); *see also Swift v. Swift*, 556 F. App'x 509, 510 (7th Cir. 2014) ("The public defenders were not state actors and could not be sued under § 1983 for performing their professional duties in representing [the prisoner]."). So **Count 1** against Starnes must be dismissed with prejudice.

Terrell also says that an unknown officer with the Venice Police Department acted negligently in investigating his case (**Count 2**). His narrative includes little to nothing about what the officer did to violate Terrell's rights, and accordingly fails to state a claim against that

officer. To put forth a viable claim under the federal rules, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The main purpose of this plausibility requirement is notice to defendants: a complaint passes muster if it includes enough information to provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but fails if the "factual detail in a complaint" is "so sketchy" that a defendant cannot discern what he did or how it was objectionable, *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). Allegations against a John Doe defendant are fine at the early stage of a case, but the complaint must still lay out what the defendant did beyond "adequate abstract recitations of the elements" of a case or "conclusory legal statements." *Brooks*, 578 F.3d at 581-82. All Terrell says about the unknown police officer is that he acted "negligently," and that kind of bald legal assertion – without any facts to support it – does not state a claim. Accordingly, **Count 2** against the unknown officer must be dismissed without prejudice. Terrell will have 35 days from the date of this order to file an amended complaint to develop this claim; if he does not act within that time period, his case will be dismissed for failure to abide by an order of the Court.

Finally, while his complaint is unclear, Terrell may have intended to sue the Venice Police Department and the Madison County Public Defender in his complaint – he named both entities in his caption but did not include them in the list of defendants in his narrative (**Count 3**). If he did mean to name them as defendants, he should know that these entities are not "persons" within the meaning of § 1983, and thus are not subject to suit under that statute. *See*, *e.g.*, *Bloom v. Palos Heights Police Dep't*, 840 F. Supp. 2d 1059, 1070 (N.D. Ill. 2012) (police department was a "non-entity in the legal sense" and is "not a 'person' capable of being sued under Section 1983"); *Clay v. Friedman*, 541 F. Supp. 500, 505 (N.D. Ill. 1982) (holding that,

under Illinois statute that is similar to the one that would apply here, public defender offices are not "an entity suable" under § 1983). As such, **Count 3** must be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** is **DISMISSED** with prejudice, and **STARNES** is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that **Count 2** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **Count 3** is **DISMISSED** with prejudice, and the **VENICE POLICE DEPARTMENT** and the **MADISON COUNTY PUBLIC DEFENDER'S OFFICE** are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that, in order to proceed with **Count 2** against the Unknown Officer with the Venice Police Department, Plaintiff **SHALL** submit his First Amended Complaint on or before **July 24, 2015**. The amended complaint shall allege facts about how the Unknown Officer deprived Terrell of his constitutional rights. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 19, 2015**

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**