IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD J. TERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00584-NJR |
| | ) |
| VENICE POLICE DEPARTMENT, | ) |
| UNKNOWN PARTY, | ) |
| PUBLIC DEFENDER'S OFFICE | ) |
| OF MADISON COUNTY IL, and | ) |
| WILLIAM STARNES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On May 27, 2015, Plaintiff Richard Terrell filed a civil rights action against William Starnes, the public defender assigned to represent him on the charge that led to his incarceration, as well as the Public Defender's Office of Madison County, an unknown officer with the Venice Police Department, and the Venice Police Department itself. (Doc. 1.) Terrell alleged that an officer with the Venice Police Department negligently investigated his case and that his public defender failed to adequately defend him. (*Id.*) On June 22, 2015, the Court dismissed all three of Terrell's claims: his claims against Starnes, the Public Defender's Office, and the Venice Police Department were dismissed with prejudice, and his claim against the Venice Police officer was dismissed without prejudice. (Doc. 10.) The Court gave Terrell until July 24, 2015, to file an amended complaint concerning his claim against the unknown officer with the Venice Police Department. (*Id.*) Terrell was warned that a failure to file an amended complaint within that time period "shall result in the dismissal of this action with prejudice." (*Id.* at 4.)

Terrell's deadline has come and gone, and Terrell has not filed an amended complaint. Accordingly, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Terrell's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. CIV. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. CIV. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  Moreover, if the appeal is found to be non-meritorious, Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the appeal deadline.  *See* FED. R. CIV. P. 4(a)(4) (listing motions that alter the time for filing an appeal).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this deadline cannot be extended.  *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 9, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Court**